IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONNA M. BURNETTE, ) | CASE NO. 1:07-cv-00759 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| SECRETARY, DEPARTMENT OF ) | |
| VETERANS AFFAIRS, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. ) | |

This matter is before the undersigned Magistrate Judge pursuant to the consent of the parties. (Doc. No. 10.) On February 9, 2007, Plaintiff Donna Burnette ("Burnette"), *pro se*, filed a Complaint in the Court of Common Pleas for Summit County. On March 15, 2007, Defendant Secretary of the Department of Veterans Affairs ("Defendant") removed the case to this Court. (Doc. No. 1.) Pending before the Court is Defendant's Motion to Dismiss. (Doc. No. 6). Burnette filed her Memorandum in Opposition on June 14, 2007. (Doc. No. 13.) Defendant filed a Reply brief on June 27, 2007. (Doc. No. 14.) The dispositive issues are as follows: whether Burnette had a duty to inform the Equal Employment Opportunity Commission ("EEOC") of her changed address; if yes, whether she satisfied that duty; and what effect, if any, her request for reconsideration had on the ninety day filing requirement contained in the regulations.

**I.  Factual Background**

On October 14, 2005, Burnette filed a formal Equal Employment Opportunity ("EEO") complaint with Department of Veterans Affairs.  (Doc. No. 6, Exh. B.)  Burnette's claim was treated as an allegation of a "hostile work environment (non-sexual)."  *Id*.  In a letter dated November 1, 2005, the Department of Veterans Affairs dismissed Burnette's complaint for failure to state a claim because Burnette never indicated how the alleged hostile work environment altered a condition of her employment.  *Id*.  The letter informed Burnette of her right to appeal the decision to the EEOC within thirty (30) days or to file suit in United States district court within ninety (90) days.

Burnette received a copy of the November 1, 2005 decision/right to sue letter on November 28, 2005.  (Doc. No. 6, Exhs. B & C.)  On November 30, 2005, Burnette filed a "Notice of Appeal/Petition" with the EEOC challenging the November 1, 2005 decision.[1]  (Doc. No. 6, Exhs. C & E.)  The EEOC denied Burnette's appeal and found it was properly dismissed for failure to state a claim.  (Doc. No. 6, Exh. E.)

The EEOC rendered its decision on June 22, 2006.  (Doc. No. 6, Exh. E.)  Burnette claims that she did not receive a copy of the decision denying her appeal until September 5, 2006.  *Id*.  Language in the decision indicates that it was mailed to Burnette on June 22, 2006 at the Merriman Road address in Akron that she provided on her appeal petition.  (Doc. No. 6, Exh. E.)  Burnette's August 22, 2006 letter to the EEOC indicates that she resided on Cloverdale in

---

[1] Although Burnette and Defendant aver that Burnette's appeal was denied on the basis of untimeliness (Doc. No. 1, Exh A; Doc. No. 6-2 at 2), the plain language of the EEOC's decision states that "[Burnette] filed a timely appeal with this Commission from the agency's decision dated November 1, 2005 ...."  (Doc. No. 6, Exh. E.)

Akron.  (Doc. No. 1, Exh. A.)  Burnette alleges that she notified the EEOC of her Cloverdale address in February of 2006, again in May of 2006, and each month thereafter when she would call to check on the status of her case, but there is no written record of such notification.  (Doc. No. 1, Exh. A.)  A critical issue before the Court is when Burnette first informed the EEOC of her changed address.

The decision denying Burnette's appeal states that "[r]equests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) days of receipt of this decision ...."  (Doc. No. 6, Exh. E.)  On October 4, 2006, Burnette sent a letter to the OFO requesting a reconsideration of her appeal.  (Doc. No. 1, Exh. A.)  Neither party has indicated the disposition of Burnette's request for reconsideration.

On February 9, 2007, Burnette filed a complaint in Summit County, Ohio.  (Doc. No. 1, Exh. A.)  On March 15, 2007, Defendant removed the case to this Court.  (Doc. No. 1.)

**II.  Standard**

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Where subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction.  *GTE North v. Strand*, 209 F.3d 909, 915 (6th Cir. 2000).  Specifically, the plaintiff must show that the complaint contains "either direct or indirect allegations respecting all material elements to sustain a recovery under some viable legal theory."  *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  That is to say, the plaintiff will survive the motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint.  *Strand,* 209 F.3d at 915.  Moreover, when subject matter jurisdiction is challenged, a court is empowered to resolve

3

factual disputes.  *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant.  *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.  Analysis

**A.    Lack of Subject Matter Jurisdiction**.

Defendant claims that the Court lacks subject matter jurisdiction because Burnette's complaint is untimely.  (Doc. Nos. 6 & 14.)  Defendant avers that over five months elapsed from the date of the EEOC appeals decision on June 22, 2006 until the filing of this action on February 9, 2007; and, therefore, Burnette failed to comply with the requirement of filing suit within ninety days of receipt of her right to sue letter.  (Doc. No. 6-2 at 7.)  In order for a district court to exercise subject matter jurisdiction over a Title VII claim, Burnette must have "(1) timely file[d] a charge with the EEOC setting forth the facts and nature of the allegations of discrimination; and (2) receive[d] notice of the right to sue." *Adams v. Tenn. Dep't of Fin. &*

*Admin.*, 179 Fed. Appx. 266, 271 (6th Cir. 2006), *citing Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991). Pursuant to 29 C.F.R. § 1614.407, a claimant must file an action in an appropriate United States District Court:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

*Id.*; *see also* 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by a department, agency, or unit ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action ....")

Because Burnette filed a timely appeal, she had ninety days from *receipt* of the EEOC's final decision on an appeal to commence an action. Defendant contends that it should be presumed that Burnette received the EEOC's decision within five days of the June 22, 2006 decision denying her appeal.[2] (Doc. No. 6-2 at 8.) According to the Sixth Circuit Court of Appeals, "[t]he Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS [Right to Sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that

---

[2] Defendant's motion and supporting briefs were not helpful as Defendant failed to cite legal authority to support several of its critical arguments.

presumption with proof that he or she did not receive notification within that period."
*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000), *citing Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325-27 (6th Cir. 1988); *Cook v. Providence Hospital*, 820 F.2d 176, 179 (6th Cir. 1987); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474-75 (6th Cir. 1986).

Moreover, the Defendant need not establish that Burnette actually received the notice mailed to her Merriman address.  The Sixth Circuit has held that it will not impose "an inflexible rule requiring actual receipt of notice by a claimant before the time period begins to run." *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986) (finding that the ninety day time period began to run five days after the date the EEOC mailed claimant's right-to-sue letter to the address of record.); *accord Pearison v. Pinkerton's Inc.*, 90 Fed. Appx. 811, 813 (6th Cir. 2004) ("The EEOC's direction of the RTS letter to Pearison's former address was caused by the failure of Pearison to properly notify the EEOC of his correct mailing address [and] did not stop the running of the ninety-day time limit.")

The EEOC's decision was mailed on June 22, 2006 to Burnette's Merriman Road address – the same address she provided on her appeal petition.  (Doc. No. 6, Exh. E.)  The Court shall presume Burnette received notice of the EEOC's decision five days after the decision was mailed, that is on June 27, 2006, unless she can demonstrate that the EEOC was provided with prior notice of her address change.  Pursuant to 29 C.F.R. § 1601.7(b), "[t]he person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge."

6

In her Complaint, Burnette alleges that she informed the EEOC of her new address in February of 2006, and again in May of 2006, and confirmed her address with the EEOC each month thereafter when she called to check on the status of her case.  (Doc. No. 1, Exh. A.)  Burnette's bare allegation that she informed the EEOC of her address change prior to the June 22, 2006 decision is insufficient to demonstrate that the EEOC had notice of her changed address.

In a letter dated August 22, 2006 (a letter that postdated the EEOC's decision), Burnette stated that her new address was on Cloverdale and that she "confirmed" her address with the EEOC during an August 9, 2006 telephone conversation.  (Doc. No. 1, Exh. A.)  Both the letter and the conversation referenced in the letter, however, occurred after the date of the decision and after Burnette was presumed to have received notice.  Therefore, neither the letter nor the conversation satisfied Burnette's duty to provide the EEOC notice of her changed address prior to the mailing of the EEOC's final decision on appeal.

This Court finds that the ninety-day period began to run on June 27, 2006 and expired on September 25, 2006.[3]

While Burnette's complaint filed on February 9, 2007 is untimely, "time requirements in statutes designed to eliminate unlawful discrimination in employment are not jurisdictional."

---

[3] Although Burnette filed a request for reconsideration on October 4, 2006, it did not delay the running of the ninety-day time period because she filed the motion for reconsideration after the ninety-day period had expired and did not timely file her motion for reconsideration.  A request for reconsideration must be made within thirty days of receipt of the EEOC's decision.  29 C.F.R. § 1614.405(b) (a decision denying or granting an appeal "is final within the meaning of § 1614.407 *unless* the Commission reconsiders the case[, and] [a] party may request reconsideration within 30 days of receipt of a decision of the Commission ....") (emphasis added); *see also Holley v. Dep't of Veteran Affairs*, 165 F.3d 244 (3rd Cir. 1999); *Donaldson v. Tennessee Valley Auth.*, 759 F.2d 535, 538 (6th Cir. 1985).

*Boddy v. Dean*, 821 F.2d 346, 350 (6th Cir. 1987) Thus, the Court must determine whether Burnette is entitled to equitable tolling of her complaint. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-96 (1990) (holding that the time limitation in 42 U.S.C. § 2000e-16(c) is subject to equitable tolling). "The equitable tolling doctrine does not delay the start of the limitations clock, but rather halts its ticking after the limitations period has accrued." *Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007).

> The Supreme Court has observed that equitable tolling is typically applied "only sparingly." The following five factors are relevant to a determination of whether tolling should be allowed: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. The foregoing factors are not exclusive and the tolling decision should be made on a case-by-case basis.

*Id.* at 331 (citations omitted).

It cannot reasonably be suggested that Burnette lacked notice of the ninety-day time period. It is undisputed that Burnette received a copy of the initial decision denying her claim on November 28, 2005. (Doc. No. 6, Exh. C.) Paragraph twelve of the decision plainly states that a civil action may be filed in district court within ninety days after receipt of the EEOC's final decision. (Doc. No. 6, Exh. B.) Thus, Burnette was not ignorant of the filing requirement. In addition, Burnette was not diligent in pursuing her rights. The only documentation supporting her claim that she informed the EEOC of her new address postdated the EEOC's decision by over a month. Burnette's bare and unsupported allegation that she orally informed the EEOC of her changed address prior to the decision is insufficient to establish that she timely informed the EEOC of her address change. As the plaintiff in this action, Burnette has the burden of proving jurisdiction to survive a Rule 12(b)(1) challenge to subject matter jurisdiction, and she has not

met this burden.

For the foregoing reasons, Burnette's failure to timely file her complaint is not subject to equitable tolling. Consequently, her complaint will be dismissed for the reason that it was not filed timely.

**B.     Failure to State a Claim**.

Defendant also moved to dismiss this action on the ground that Burnette's complaint fails to state a claim. Burnette's complaint, as it currently stands, fails to state a claim upon which relief can be granted because it fails to adequately provide notice of her claims. *See, e.g., Vector Research v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996) ("Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). As Burnette is proceeding *pro se*, the Court would have considered allowing Burnette to amend her complaint to cure deficiencies in her pleading. However, as Burnette's complaint is dismissed on other grounds, the Court need not consider this issue.

### IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 6) is GRANTED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/ *Nancy A. Vecchiarelli*
U.S. MAGISTRATE JUDGE

Date: August 9, 2007