**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DONNA M. BURNETTE,           ) | |
| ) | CASE NO.  1:07 CV 759 |
| Plaintiff,      ) | |
| ) | |
| v.               ) | |
| ) | |
| SECRETARY, DEPARTMENT OF      ) | MAGISTRATE JUDGE VECCHIARELLI |
| VETERANS AFFAIRS,             ) | |
| ) | |
| Defendant.      ) | **ORDER** |

On September 7, 2007, Plaintiff Donna M. Burnette ("Burnette") filed a Motion to Appeal *In Forma Pauperis*.  (Doc. No. 18.)  Previously, the Court granted Defendant's motion to dismiss.  (Doc. No. 15.)  The Court found that Burnette failed to timely file her Complaint.  *Id*.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The Supreme Court has stated that "[t]he only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith'" which can be "established by the presentation of any issue that is not plainly frivolous."  *Ellis v. United States*, 356 U.S. 674, 674-675 (1958) ("The good-faith test must not be converted  into a requirement of a preliminary showing of any particular degree of merit.");  *cf. Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983) (""An investigation into the

*in forma pauperis* movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown.")    Although Burnette failed to comply with Federal Rule of Appellate Procedure 24(a)(1)(C) by neglecting to state the issues she intends to raise on appeal, Burnette may be able to raise non-frivolous claims on appeal.

Turning to financial considerations, Burnette's financial affidavit indicates that her take-home pay amounts to $600 every two weeks – $15,600 net annual income.  (Doc. No. 18.)  In addition, Burnette receives $190 of child support – $2,280 annually.[1] *Id*.  The sum of these two figures amounts to $17,880.  Burnette has no money in checking or savings accounts and does not own any real estate, automobiles, or financial instruments.  *Id*.  Although Burnette failed to complete the portion identifying her dependents and her contributions for their support, it is presumed that Burnette has at least one minor dependent if she receives child support.  To satisfy the allegation of poverty, Plaintiff must show that he or she "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents 'with the necessities of life.'"  *Hockless v. State Dep't of Parks & Rec.*, 2007 U.S. Dist. LEXIS 35582 (E.D. Cal. 2007), *quoting Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948); *accord Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915.")  Based on the financial data provided by Burnette in her affidavit, the Court finds that the payment of appellate costs could jeopardize her ability to

---

[1] Burnette does not specify how frequently she receives child support.  For the purposes of this application, the Court presumes Burnette receives $190 each month.

provide the necessities of life such as shelter, food, clothing, and necessary utilities for herself and her dependent.

    For the foregoing reasons, Burnette's Motion to Appeal *in forma pauperis* is GRANTED.

    IT IS SO ORDERED

                                                /s/ Nancy A. Vecchiarelli
                                               U.S. Magistrate Judge

Date: September 12, 2007